IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 10 2015

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

ADRIAN ARAUJO-MENDOZA

    Plaintiff,

v.

ROCK – TENN CO.;
JEFF RENFREY; AND
HAROLD SHRUM

    Defendants.

Case No. 15-5044 PKH

## COMPLAINT

COMES NOW Plaintiff Adrian Araujo-Mendoza ("Plaintiff"), by and through his counsel, and for his Complaint against Defendant Rock-Tenn Co. ("Rock-Tenn"), Defendant Jeff Renfrey ("Defendant Renfrey"), and Defendant Harold Shrum ("Defendant Shrum") ("Defendants" when referred to collectively), alleges as follows:

### STATEMENT OF THE CASE

1.    This is a civil action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and the Arkansas Civil Rights Act of 1993, § A.C.A. § 16-23-101, *et seq.*, as amended ("ACRA"), to remedy unlawful employment practices on the basis of national origin, race and/or color and/or retaliation and to provide appropriate relief to Plaintiff, who was adversely affected by such unlawful practices. As set forth in more detail below, Defendants discriminated against Plaintiff because of his race, color and/or national origin, and Defendants further retaliated against Plaintiff because Plaintiff engaged in the protected activity of opposing conduct or practices he reasonably believed to be

discriminatory. have engaged in a discriminatory custom, policy, pattern and practice, which has directly affected the employment of Plaintiff. Plaintiff seeks relief under federal and state law for unlawful race and/or national origin discrimination pertaining to Plaintiff's employment with Defendant.

## JURISDCITION AND VENUE

2.  This Court has jurisdiction over the subject matter and parties of this action pursuant to pursuant to 28 U.S.C. §§ 1331 and 1367.

3.  Venue is proper in this district pursuant to 28 U.S.C.§§ 1391, because the alleged unlawful employment practices were committed within the judicial district of the United States District Court for the Western District of Arkansas.

## ALLEGATIONS COMMON TO ALL CLAIMS

4.  Plaintiff is of Mexican ancestry, and his race is Hispanic.

5.  Defendant Rock-Tenn is a manufacturer of cardboard and other materials for various applications. At all times relevant to this action, Rock-Tenn was continuously in business at its facility located in Rogers, Arkansas and has continuously had at least fifteen (15) employees. Defendant Rock-Tenn is an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

6.  Defendants Jeff Renfrey and Harold Shrums were employees of Rock-Tenn and Plaintiff's supervisors during all times relevant to this action.

7.  Prior to filing this Complaint, Plaintiff filed a charge with the Equal Opportunity Employment Commission ("EEOC"), and all conditions precedent to the institution of this lawsuit have been fulfilled.

8. Plaintiff commenced his employment with Rock-Tenn on or about March 25, 2013.

9. Defendants engaged in the following unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42. U.S.C. § 2000e-2(a) and 3(a):

   a. Defendants harassed and/or discriminated against Plaintiff by subjecting Plaintiff to disparate discipline based on national origin, color and/or race.

   b. Defendants harassed and/or discriminated against Plaintiff by forcing Plaintiff to work disproportionate amounts of overtime based on national origin, color and/or race.

   c. Defendants harassed and/or discriminated against Plaintiff by forcing Plaintiff and other Hispanic employees to work through mandatory lunch breaks and other breaks but simultaneously allowed non-Hispanic employees to take all allotted breaks.

   d. Defendants harassed Plaintiff by continuously subjecting Plaintiff to severe and pervasive slurs, epithets and/or derogatory comments, based on national origin, color and/or race, which were often accompanied by threats of and/or actual violence, of such frequency and severity that said remarks created a hostile and/or offensive work environment.

   e. Defendants retaliated against Plaintiff after Plaintiff reported and/or complained about discrimination based on national origin, color and/or race by subjecting Plaintiff to greater scrutiny and harsher discipline for similar infractions, compared to other non-Hispanic employees, and eventually terminating Plaintiff's employment.

10. Defendant Renfrey and/or Defendant Shrum frequently made derogatory remarks to Plaintiff and other Hispanic employees, such as, "Mexican . . . hungry Mexican!" ; "don't you fucking speak English!?" ; "can't you speak English!?" ; "wetback!" ; and "bunch of fucking hungry Mexicans."

11. Defendants violated company policy by forcing Plaintiff to work overtime with less than two hours notice, and on several occasions, Defendants ordered Plaintiff to work overtime within minutes of the end of Plaintiff's shift. Defendants targeted other Hispanic employees in the same manner but provided timely and proper overtime notice to all non-Hispanic employees.

12. Defendants disciplined Plaintiff for certain conduct, such as cell phone usage, but did not discipline non-Hispanic employees for the same conduct.

13. Defendants forced Plaintiff to skip breaks and to work consecutive overtime shifts for several weeks but did not require non-Hispanic employees to work the same amount of overtime.

14. Defendant Renfrey and/or Defendant Shrum physically assaulted Plaintiff and another Hispanic employee. Defendant Renfrey and/or Defendant Shrum pulled a large mat from beneath Plaintiff's feet while Plaintiff was standing on the mat, causing Plaintiff to fall onto the floor. Defendant Renfrey and/or Defendant Shrum pulled another Hispanic employee's ear while simultaneously screaming racial epithets at that employee.

15. After Plaintiff reported the unlawful conduct and/or confronted Defendants Renfrey and Shrum about the unlawful conduct, Defendants retaliated against Plaintiff. Defendants cited Plaintiff for fabricated infractions that Plaintiff did not commit. Defendants required Plaintiff to work increased overtime in addition to his onerous overtime requirements,

all of which was disparate treatment. Defendant Renfrey and/or Defendant Shrum stated to Plaintiff that he and/or they "would make [Plaintiff] work twelve hour shifts every day until Plaintiff quit!" Defendants eventually terminated Plaintiff's employment, which termination was conspicuously proximate to Plaintiff's complaints.

16. The effect of the unlawful practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect Plaintiff's status as an employee on the basis of national origin, race and/or color.

17. The unlawful employment practices complained of above were and are intentional.

18. The unlawful employment practices complained of above were and are done with malice or reckless indifference to the federally protected rights of Plaintiff.

### COUNT I
### TITLE VII DISCRIMINATION
### (Hostile Work Environment)

19. Plaintiff repeats the allegations contained in paragraphs 1-18 as if set forth herein word for word.

20. Plaintiff is a member of a protected class due to his race, color and/or national origin.

21. Plaintiff was subjected to slurs, insults, jokes and/or other verbal comments and/or physical contact or intimidation of a racial nature.

22. Defendants' conduct was unwelcome.

23. Defendants' conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a racially abusive or hostile work environment.

24. Plaintiff perceived the working environment to be abusive or hostile

25. A reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

## COUNT II
## TITLE VII DISCRIMINATION
### (Disparate Treatment)

26. Plaintiff repeats the allegations contained in paragraphs 1-25 as if set forth herein word for word.

27. Plaintiff was subjected to disparate discipline and disparate job assignments, was not promoted, was discharged, and was subjected to other adverse employment actions.

28. Plaintiff's race, color and/or national origin was a motivating factor and/or sole reason in Defendants' decision to subject Plaintiff to disparate discipline and disparate job assignments, to not promote Plaintiff, to discharge Plaintiff and/or to subject Plaintiff to other adverse employment actions.

## COUNT III
## TITLE VII DISCRIMINATION
### (Retaliation)

29. Plaintiff repeats the allegations contained in paragraphs 1-28 as if set forth herein word for word.

30. Plaintiff engaged in or was engaging in an activity protected under federal law, that is Plaintiff reported and/or complained of the aforementioned unlawful employment practices committed by Defendants.

31. Defendants subjected Plaintiff to adverse employment actions, as set forth above, in retaliation for Plaintiff's participation in protected activity.

## COUNT IV
## VIOLATIONS OF THE ARKANSAS CIVIL RIGHTS ACT

32. Plaintiff repeats the allegations contained in paragraphs 1-31 as if set forth herein word for word.

33. Section 107(a) of the ACRA prohibits discrimination based on race or national origin (§ A.C.A. § 16-23-107(a)) and codifies the right to obtain and hold employment without discrimination (§ A.C.A. § 16-23-107(a)(1)).

34. Section 107(c)(1)(A) of the ACRA provides,

> [a]ny individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action in a court of competent jurisdiction, which may issue an order prohibiting the discriminatory practices and provide affirmative relief from the effects of the practices, and award back pay, interest on back pay, and, in the discretion of the court, the cost of litigation and a reasonable attorney's fee.

35. Section 107(c)(2)(A) of the ACRA entitles an injured party to an award of compensatory and punitive damages to remedy intentional discrimination by an employer.

36. As set forth above, Defendants subjected Plaintiff to intentional discrimination in the form of disparate treatment, hostile work environment harassment and retaliation after Plaintiff engaged in protected conduct, all of which constitutions violations of the ACRA.

WHEREFORE, Plaintiff respectfully requests that this Court enter an appropriate order that commands Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices, including, but not limited to, front pay and reinstatement; by providing compensation for past and future pecuniary losses and non-pecuniary losses (including pain, suffering and humiliation) resulting from the unlawful employment practices described above, in amounts to be determined at trial; order Defendants to pay punitive damages to Plaintiff for Defendants' malicious and reckless conduct, in amounts to

be determined at trial; and finally award Plaintiff his costs and attorney's fees and all other just and appropriate relief that Court deems necessary and proper in the public interest of eradicating employment discrimination. Plaintiff demands a trial by jury on all questions of fact raised in this Complaint.

Respectfully Submitted,

MORTON LAW GROUP, PLLC
The Fulbright Building
217 E. Dickson St., Suite 103
Fayetteville, Arkansas 72701
(479) 587-9988
(479) 587-0582 *fax*
jbailey@morton-law.us

By: _____
Joshua L. Bailey (2009184)

*Attorneys for Plaintiff Adrian Araujo-Mendoza*